**IN THE COURT OF APPEALS OF IOWA**

No. 23-1312
Filed November 21, 2023

IN THE INTEREST OF I.A. and M.A.,
**Minor Children,**

**S.L., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Marion County, Steven W. Guiter,

District Associate Judge.

        A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**

        Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for

appellant mother.

        Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

        Dusty L. Clements of Clements Law & Mediation, Newton, attorney and

guardian ad litem for minor children.

        Considered by Badding, P.J., Chicchelly, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**DOYLE, Senior Judge.**

A mother appeals the termination of her parental rights to two children.[1] She challenges the evidence supporting the grounds for termination and the reasonable efforts made by the State to reunite the family. She also contends that termination is not in the children's best interests and seeks to avoid termination based on the closeness of her bond with the children. On de novo review, *see In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021), we affirm.

This appeal involves two children: I.A., born in 2018, and M.A., born in 2019. The juvenile court removed the children from the mother's custody in September 2021 after law enforcement discovered methamphetamine and marijuana inside the mother's vehicle during a traffic stop. The children were in the vehicle at the time. Two months later, the juvenile court adjudicated the children in need of assistance (CINA) based on the mother's substance use and pending criminal charges.

The mother has a long history of substance abuse. She admits that she began using methamphetamine when she was fifteen years old and reported using marijuana daily for more than ten years. The mother testified that she was sober from 2012 until she relapsed in April 2021. She then used methamphetamine twice per week until her arrest in September. The mother claims she again abstained from drug use until January 2022. One month later, she was arrested on drug charges and taken into custody, where she remains. The mother was

---

[1] The father's parental rights were also terminated. He did not appeal.

transferred to federal custody in Alabama in January 2023. She is scheduled for release in 2030 and testified that her earliest release would be in 2026.

The State petitioned to terminate the mother's parental rights in February 2023. After a May hearing, the juvenile court granted the State's petition and terminated the mother's parental rights to I.A. under section 232.116(i)(f) (2023) and her rights to M.A. under section 232.116(1)(h).

The mother first challenges the evidence supporting the grounds for termination. The court can terminate parental rights under section 232.116(1)(f) and (h) if clear and convincing evidence shows that a child was adjudicated CINA, removed from the parent's custody, and cannot be returned to the parent's custody without exposing the child to adjudicatory harm. *See* Iowa Code § 232.116(1)(f)(2)-(4), (h)(2)-(4). Paragraphs (f) and (h) differ only regarding the age of the child and how long the child has been removed from the parent's custody. *Compare id.* § 232.116(1)(f)(1) (applying to children age four years or older), (f)(3) (requiring removal for at least twelve of the last eighteen months), *with id.* § 232.116(1)(h)(1) (applying to children age three years or younger), (h)(3) (requiring removal for at least six of the last twelve months).

Clear and convincing evidence supports termination of the mother's parental rights to I.A. under section 232.116(i)(f) and to M.A. under section 232.116(1)(h). Both children were adjudicated CINA. Both had been removed from the mother's custody for over twenty months at the time of the termination hearing—almost twice the time required under section 232.116(1)(f)(3) and more than three times the amount required under section 232.116(1)(h)(3). The only question for the juvenile court to decide was whether the children could

be returned to the mother's care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the phrase "at the present time," found in both section 232.116(1)(f)(4) and (1)(h)(4), to mean "at the time of the termination hearing"). They could not. Even setting aside substance-abuse concerns, the mother agreed that her incarceration prevents the children's return to her physical custody.

The mother contests the juvenile court's finding that the State made reasonable efforts to return the children to her custody. *See* Iowa Code § 232.102(6) ("If the court orders the transfer of the custody of the child to the department or other agency for placement, the department or agency shall submit a case permanency plan to the court and shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child."). But just as the State has an obligation to make reasonable efforts, "a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). The juvenile court noted that the mother never requested services at any court hearing. Because the mother failed to challenge the services offered to her before termination, she has not preserved this challenge for our review. *See id.* (concluding a parent failed to preserve reasonable-efforts challenge by failing to request different or additional services before the permanency hearing).

We turn next to the mother's claim that termination is not in the children's best interests. We analyze the children's best interests under the framework described in section 232.116. *See In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa

2010). That section requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence shows that termination is in the children's best interests. I.A. was three years old and M.A. had just turned two at the time of removal. Two years have since passed, and the mother will be incarcerated until at least 2026. At that time, I.A. will be turning seven and M.A. will be turning six. Considering the mother's history of substance abuse, she may be unable to resume custody after her release. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) ("[W]e look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future."). The mother will first need to prove she can maintain sobriety outside the highly structured life she leads in prison. The process will take time. This is time the children simply do not have. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (stating that after the time provided in section 232.116(1) passes, "termination proceedings must be viewed with a sense of urgency"). The children are bonded to their current foster care placement and doing well, and the foster family is willing to adopt. Terminating the mother's parental rights to allow for adoption serves the children's best interests.

Finally, the mother contends terminating her parental rights will harm both children based on the closeness of each parent-child relationship. In such cases, the statute allows the court to leave parental rights intact. *See* Iowa Code

§ 232.116(3)(c) (stating that the court "need not terminate the relationship between the parent and child" if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). "[T]he parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Considering the young ages of the children and how long they have been removed from the mother's care, the mother has not met this burden. Even so, our finding that termination is in the children's best interests is not swayed.

We affirm the termination of the mother's parental rights to I.A and M.A.

**AFFIRMED.**